FILED
JAMES BONINI
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

07 OCT -2 PM 2:46

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

|  |  |  |
|---|---|---|
| PHILIP J. CHARVAT, | : |  |
|  | : |  |
| Plaintiff, | : | Civil Action No. |
|  | : |  |
| v. | : | Judge ___ JUDGE HOLSCHUH |
|  | : |  |
| ECHOSTAR SATELLITE, LLC, | : | Magistrate Judge MAGISTRATE JUDGE ABEL |
|  | : |  |
| Defendant. | : |  |

## COMPLAINT FOR MONEY DAMAGES
## AND INJUNCTIVE RELIEF

### JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF PHILIP J. CHARVAT, by and through the undersigned counsel, and brings this action to recover monetary damages from Defendant and to obtain injunctive relief against Defendant, arising from the 30 unlawful telemarketing calls made to Plaintiff's home by or on behalf of Defendant in violation of well-established federal and Ohio laws.

### The Parties

1.      Plaintiff Philip J. Charvat ("Charvat" or "Plaintiff") is a living person who resides within Franklin County, Ohio, at the address indicated in the caption hereinabove. At his home, Plaintiff has two residential telephones lines, which shall be referred to herein as "Line 1" and "Line 2."

2.      At all times relevant hereto, DEFENDANT ECHOSTAR SATELLITE, LLC ("Defendant" or "Echostar"), a Colorado limited liability company organized for profit, which has its principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112, by and

through itself or authorized agents, solicited the sale of satellite television products and services for personal, family or household purposes in Franklin County, Ohio through the use of pre-recorded voice message advertising telephone calls placed to consumers at their residences, including Plaintiff, and otherwise was engaged in interstate commerce. Upon information and belief, at all times relevant hereto, Defendant was a common carrier pursuant to 47 U.S.C. §153(10) and a "supplier" as defined in Ohio Revised Code §1345.01(C).

3. At any time in this Complaint when it is alleged a telephone call was placed by Defendant to Plaintiff's residence by Defendant's agent, it is meant that the call was initiated by an authorized agent acting on behalf of Defendant, with Defendant's knowledge that such agent was acting in concert with Defendant in pursuit of Defendant's commercial interests.

4. At no time has Plaintiff ever had a pre-existing or other business relationship with Defendant or its agents, nor has he ever consented to receive pre-recorded telephone advertisements from Defendant or its agents.

5. Defendant is subject to, and required to abide by, the laws of the United States and the State of Ohio, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, *et seq*. ("TCPA"), and its related regulations, including 47 C.F.R. §64.1200, as well as the applicable regulations adopted by the Federal Communications Commission to implement and enforce the TCPA, the Ohio Consumer Sales Practices Act, R.C. §1345.02(A) ("CSPA"), and applicable provisions of the Ohio Administrative Code, including O.A.C. §109:4-3-04.

## Jurisdiction and Venue

6. Defendant regularly solicits business in the State of Ohio, advertises the availability of its consumer products and services for sale in the State of Ohio, derives substantial revenue from the sale of its consumer goods and services in the State of Ohio, and avails itself of

2

the privilege of acting in the State of Ohio. As a result, Defendant could have reasonably foreseen that its actions, including the making and/or authorization of the unsolicited pre-recorded voice message advertising telephone calls to Plaintiff's residence, would have consequences in the State of Ohio.

7. This Court has jurisdiction over the parties and claims under the federal laws cited herein. Venue is proper in this Court because Plaintiff resides in Franklin County, Ohio, the actions complained of herein occurred in Franklin County, Ohio, and Defendant solicited and/or conducted business in Franklin County, Ohio.

## **Plaintiff's Claims**

8. Prior to the date of the calls that give rise to Plaintiff's causes of action, all of the following cases were made available to the public through the Ohio Attorney General's Public Inspection File:

   (a) OAG PIF#[1] 2191, *Charvat v. Direct Connect Digital, Inc.* October 23, 2003 (Re: Liability for failing to begin call with clear and explicit statement that the purpose of the call is to make a sale);

   (b) OAG PIF# 1882, *Charvat v. Continental Mortgage Services, Inc.*, June 2, 2000 (Re: Liability for violation of TCPA regulations); and

   (c) OAG PIF# 2114, *Charvat v. Oasis Mortgage, Inc.,* September 6, 2002 (Re: Liability for violation of FCC's TCPA prerecorded call regulations).

9. This Complaint is subject to all cases that were on file in the Attorney General of the State of Ohio's office in the Public Inspection Files as of the date of the acts by Defendants that are contained herein.

3

10. Upon information and belief, on or about June 19, 2004, Defendant or its authorized agent placed a prerecorded voice message telephone call (the "First Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

11. During and/or in regard to the First Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller; and

(c) Offered a "free" vacation to Plaintiff, but failed to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" vacation was contingent.

12. Upon information and belief, on or about June 24, 2004, Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Second Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

13. During and/or in regard to the Second Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval; and

(b) Failed to voluntarily state the name of the caller.

14. Upon information and belief, on July 5, 2004, at approximately 2:12 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Third Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

---

[1] "OAG PIF" is an abbreviation for "Ohio Attorney General Public Inspection File."

4

15. During and/or in regard to the Third Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller; and

(c) Failed to voluntarily state the caller's telephone number or address.

16. Upon information and belief, on July 30, 2004, at approximately 4:18 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Fourth Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

17. During and/or in regard to the Fourth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

(c) Failed to voluntarily state the caller's telephone number or address; and

(d) Offered a "free" vacation to Plaintiff, but failed to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" vacation was contingent.

18. Upon information and belief, on August 4, 2004, at approximately 12:49 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Fifth Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

19. During and/or in regard to the Fifth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

(c) Failed to voluntarily state the caller's telephone number or address;

5

(d)     Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List; and

(e)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

20.     Upon information and belief, on August 14, 2004, at approximately 1:10 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Sixth Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

21.     During and/or in regard to the Sixth Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

22.     Upon information and belief, on September 19, 2004, at approximately 7:15 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Seventh Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

23.     During and/or in regard to the Seventh Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

6

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(e)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List; and

(f)     Failed to send to Plaintiff its Do-Not-Call Maintenance Policy upon Plaintiff's demand.

24.     Upon information and belief, on October 27, 2004, Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Eighth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

25.     During and/or in regard to the Eighth Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

26.     Upon information and belief, on November 12, 2004, at approximately 6:20 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Ninth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

7

27. During and/or in regard to the Ninth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

(c) Failed to voluntarily state the caller's telephone number or address;

(d) Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(e) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f) Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(g) Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

28. Upon information and belief, on December 6, 2005, at approximately 6:27 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Tenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

29. During and/or in regard to the Tenth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

(c) Failed to voluntarily state the caller's telephone number or address;

(d) Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(e) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f) Failed to maintain a record of Plaintiff's previous request(s) that the caller place

8

Plaintiff's name on its Do-Not-Call List; and

(g)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

30.     Upon information and belief, on December 8, 2005, at approximately 3:40 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Eleventh Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

31.     During and/or in regard to the Eleventh Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

32.     Upon information and belief, on December 20, 2005, at approximately 6:15 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Twelfth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

33.     During and/or in regard to the Twelfth Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

9

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

34.     Upon information and belief, on January 5, 2006, at approximately 3:14 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Thirteenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

35.     During and/or in regard to the Thirteenth Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(e)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(g)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

36.     Upon information and belief, on January 13, 2006, at approximately 5:15 p.m.,

10

Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Fourteenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

37. During and/or in regard to the Fourteenth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

(c) Failed to voluntarily state the caller's telephone number or address;

(d) Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(e) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f) Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(g) Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

38. Upon information and belief, on January 18, 2006, at approximately 6:50 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Fifteenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

39. During and/or in regard to the Fifteenth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

11

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

40.     Upon information and belief, on March 17, 2006, at approximately 5:38 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Sixteenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

41.     During and/or in regard to the Sixteenth Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(e)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(g)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

42.     Upon information and belief, on April 18, 2006, at approximately 4:34 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the

12

"Seventeenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

43.     During and/or in regard to the Seventeenth Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

44.     Upon information and belief, on June 5, 2006, at approximately 1:16 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Eighteenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

45.     During and/or in regard to the Eighteenth Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's

13

name on its Do-Not-Call List.

46.    Upon information and belief, on July 21, 2006, at approximately 5:55 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Nineteenth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

47.    During and/or in regard to the Nineteenth Call, Defendant knowingly and/or willfully:

(a)    Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)    Failed to voluntarily state the name of the caller;

(c)    Failed to voluntarily state the caller's telephone number or address;

(d)    Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)    Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

48.    Upon information and belief, on January 3, 2007, at approximately 6:57 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Twentieth Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

49.    During and/or in regard to the Twentieth Call, Defendant knowingly and/or willfully:

(a)    Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)    Failed to voluntarily state the name of the caller;

(c)    Failed to voluntarily state the caller's telephone number or address;

14

    (d)    Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

50.    Upon information and belief, on January 3, 2007, at approximately 6:58 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Twenty-First Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

51.    During and/or in regard to the Twenty-First Call, Defendant knowingly and/or willfully:

    (a)    Called Plaintiff's residence without Plaintiff's prior express consent or approval;

    (b)    Failed to voluntarily state the name of the caller;

    (c)    Failed to voluntarily state the caller's telephone number or address;

    (d)    Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

52.    Upon information and belief, on January 20, 2007, at approximately 7:59 p.m., Defendant or its authorized agent placed a live agent telephone call (the "Twenty-Second Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

53.    During and/or in regard to the Twenty-Second Call, Defendant knowingly and/or willfully:

15

(a)     Failed to voluntarily state the caller's telephone number or address;

(b)     Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(c)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

54.     Upon information and belief, on February 21, 2007, at approximately 6:07 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Twenty-Third Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

55.     During and/or in regard to the Twenty-Third Call, Defendant knowingly and/or willfully:

(a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b)     Failed to voluntarily state the name of the caller;

(c)     Failed to voluntarily state the caller's telephone number or address;

(d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

56.     Upon information and belief, on March 5, 2007, at approximately 7:09 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the

16

"Twenty-Fourth Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

57. During and/or in regard to the Twenty-Fourth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

(c) Failed to voluntarily state the caller's telephone number or address;

(d) Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(e) Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

58. Upon information and belief, on March 21, 2007, at approximately 2:46 p.m., Defendant or its authorized agent placed a live agent telephone call (the "Twenty-Fifth Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

59. During and/or in regard to the Twenty-Fifth Call, Defendant knowingly and/or willfully:

(a) Failed to voluntarily state the caller's telephone number or address;

(b) Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(c) Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

60. Upon information and belief, on March 21, 2007, at approximately 7:00 p.m.,

17

Defendant or its authorized agent placed a live agent telephone call (the "Twenty-Sixth Call") to Plaintiff's residential telephone number (Line 1) for the commercial purpose of selling Defendant's consumer goods and services.

61.     During and/or in regard to the Twenty-Sixth Call, Defendant knowingly and/or willfully:

    (a)     Failed to voluntarily state the caller's telephone number or address;

    (b)     Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

    (c)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

    (d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

62.     Upon information and belief, on April 12, 2007, at approximately 5:45 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Twenty-Seventh Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

63.     During and/or in regard to the Twenty-Seventh Call, Defendant knowingly and/or willfully:

    (a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

    (b)     Failed to voluntarily state the name of the caller;

    (c)     Failed to voluntarily state the caller's telephone number or address;

    (d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place

18

Plaintiff's name on its Do-Not-Call List; and

(e) Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

64. Upon information and belief, on April 17, 2007, at approximately 7:17 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Twenty-Eighth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

65. During and/or in regard to the Twenty-Eighth Call, Defendant knowingly and/or willfully:

(a) Called Plaintiff's residence without Plaintiff's prior express consent or approval;

(b) Failed to voluntarily state the name of the caller;

(c) Failed to voluntarily state the caller's telephone number or address;

(d) Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

(e) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f) Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

(g) Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

66. Upon information and belief, on July 5, 2007, at approximately 5:51 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Twenty-Ninth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

19

67.     During and/or in regard to the Twenty-Ninth Call, Defendant knowingly and/or willfully:

    (a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

    (b)     Failed to voluntarily state the name of the caller;

    (c)     Failed to voluntarily state the caller's telephone number or address;

    (d)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

68.     Upon information and belief, on August 1, 2007, at approximately 8:08 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call (the "Thirtieth Call") to Plaintiff's residential telephone number (Line 2) for the commercial purpose of selling Defendant's consumer goods and services.

69.     During and/or in regard to the Thirtieth Call, Defendant knowingly and/or willfully:

    (a)     Called Plaintiff's residence without Plaintiff's prior express consent or approval;

    (b)     Failed to voluntarily state the name of the caller;

    (c)     Failed to voluntarily state the caller's telephone number or address;

    (d)     Failed to record Plaintiff's name and telephone number(s) on its Do-Not-Call List;

    (e)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

    (f)     Failed to maintain a record of Plaintiff's previous request(s) that the caller place Plaintiff's name on its Do-Not-Call List; and

20

(g)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List.

70.     During the Fifth Call and Twenty-Sixth Call, Plaintiff or another resident of his home asked Defendant's agent to place the telephone number for Line 1 on Defendant's Do-Not-Call List.

71.     During the Seventh Call, Plaintiff or another resident of his home asked Defendant's agent to place the telephone numbers for Line 1 and Line 2 on Defendant's Do-Not-Call List.

72.     During the Ninth Call, Tenth Call, Thirteenth Call, Fourteenth Call, Sixteenth Call, Twenty-Second Call and Twenty-Eighth Call, Plaintiff or another resident of his home asked Defendant's agent to place the telephone number for Line 2 on Defendant's Do-Not-Call List.

73.     As to each of the above-described thirty calls placed to Plaintiff's residence:

(a)     Defendant or its authorized agent caused Plaintiff's telephone to ring;

(b)     the call was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(3);

(c)     the call was an "unsolicited advertisement" as defined in 47 U.S.C. §227(a)(4);

(d)     the call was a "consumer transaction" as defined in R.C. §1345.01(A);

(e)     Defendant was a "supplier" as defined in R.C. §1345.01(C); and

(f)     Plaintiff was a "consumer" as defined in R.C. §1345.01(D).

## COUNT 1

### (First Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

74.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

21

75. Defendants' conduct, in placing the First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

76. Defendant's conduct, in placing the First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 2

### (First Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

77. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

78. Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

79. Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages

22

in the amount of $1,500 for this violation.

## COUNT 3

**(First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

80.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

81.    Defendant's conduct, in placing the First Call to Plaintiff's residence to deliver an

unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval,

constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct

also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).[2]

82.    Defendant's conduct, in placing the First Call to Plaintiff's residence to deliver an

unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval,

constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an

award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for

this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 4

**(First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

83.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

---

[2] Under Ohio law, a violation of the TCPA is also a violation of R.C. §1345.02(A) of the Ohio Consumer Sales Practices Act. *See Charvat v. Continental Mortgage Services, Inc.,* Case No. 99CVH12-10255 (Franklin County, Com. Pl., OAG PIF # 1882, 2000); *Chambers v. R & C Delivery,* Case No. 437887 (Cuyahoga Com Pl., OAG PIF # 2070, 2002); *Compoli v. EIP Limited,* Case No. 446780, (Cuyahoga Com Pl., OAG PIF # 2073, 2002). The CSPA provides for minimum statutory damages of $200 against any defendant who commits an act or practice which has been held to previously violate the CSPA. *See* R.C. §1345.09(B). Furthermore, a plaintiff is entitled to an award of reasonable attorneys fees against any defendant who knowingly engages conduct that violates the CSPA. *See* R.C. §1345.09(F); *Einhorn v. Ford Motor* Co., 48 Ohio St.3d 27 (1990). Defendants obviously knew that they were transmitting the unsolicited pre-recorded advertisements at issue in this case, intended to profit from such pre-

84.    Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

85.    Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 5

### (First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), and O.A.C. §109:4-3-04(C))

86.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

87.    Defendant's conduct, in offering a "free" vacation to Plaintiff during the First Call while failing to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" vacation was contingent, violated O.A.C. **O.A.C.** §109:4-3-04(C). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

88.    Defendant's conduct, in offering a "free" vacation to Plaintiff during the First Call while failing to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" vacation was

recorded messages, and did what they intended to do.

24

contingent, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 6

### (Second Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

89.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

90.    Defendants' conduct, in placing the Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

91.    Defendant's conduct, in placing the Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 7

### (Second Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

92.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

93.    Defendant's conduct, in placing the Second Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the

25

message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

94. Defendant's conduct, in placing the Second Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 8

### (Second Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

95. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

96. Defendant's conduct, in placing the Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

97. Defendant's conduct, in placing the Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 9

26

**(Second Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

98.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

99.     Defendant's conduct, in placing the Second Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

100.    Defendant's conduct, in placing the Second Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 10

**(Third Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))**

101.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

102.    Defendants' conduct, in placing the Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

103.    Defendant's conduct, in placing the Third Call to Plaintiff's residence to deliver

27

an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 11

### (Third Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

104. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

105. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

106. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 12

### (Third Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4))

107. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

108. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating

28

the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

109. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 13

### (Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

110. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

111. Defendant's conduct, in placing the Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

112. Defendant's conduct, in placing the Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 14

### (Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R.

**§64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

113. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

114. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

115. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 15

### (Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

116. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

117. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

118. Defendant's conduct, in placing the Third Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to

an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 16

### (Fourth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

119. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

120. Defendants' conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

121. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 17

### (Fourth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

122. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

123. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this

31

violation.

124. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 18

### (Fourth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4))

125. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

126. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

127. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 19

### (Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

128. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

32

129. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

130. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 20

### (Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

131. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

132. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

133. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

33

## COUNT 21

### (Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

134. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

135. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

136. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 22

### (Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), and O.A.C. §109:4-3-04(C))
,
137. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

138. Defendant's conduct, in offering a "free" vacation to Plaintiff during the Fourth Call while failing to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" vacation was contingent, violated O.A.C. **O.A.C.** §109:4-3-04(C). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

139. Defendant's conduct, in offering a "free" vacation to Plaintiff during the Fourth

34

Call while failing to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" vacation was contingent, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 23

### (Fifth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

140.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

141.    Defendants' conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

142.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 24

### (Fifth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

143.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

35

144. Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

145. Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 25

### (Fifth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

146. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

147. Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

148. Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

36

## COUNT 26

### (Fifth Call - Violation of the Telephone Consumer Protection Act,
### 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

149.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

150.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Fifth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

151.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Fifth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 27

### (Fifth Call - Violation of the Telephone Consumer Protection Act,
### 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

152.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

153.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Fifth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

154.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Fifth Call to Plaintiff's residence,

37

constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 28

### (Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

155.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

156.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

157.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 29

### (Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

158.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

159.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the

38

message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

160. Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 30

### (Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

161. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

162. Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

163. Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 31

### (Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based

39

Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

164.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

165.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Fifth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

166.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Fifth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 32

(Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

167.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

168.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Fifth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

169.    Defendant's conduct, in failing to train its live agent in the maintenance and use

40

of the caller's Do-Not-Call List in regard to the caller's Fifth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 33

### (Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

170. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

171. Defendants' conduct, in placing the Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

172. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 34

### (Sixth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

173. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

174. Defendant's conduct, in placing the _Sixth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the

41

message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

175. Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 35

### (Sixth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4))

176. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

177. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

178. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 36

### (Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

42

179.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

180.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

181.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 37

### (Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

182.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

183.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

184.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an

award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 38

### (Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

185. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

186. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

187. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 39

### (Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

188. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

189. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

190. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 40

### (Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

191. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

192. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

193. Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 41

### (Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

45

194. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

195. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

196. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 42

### (Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

197. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

198. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

199. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixth Call to Plaintiff's residence, constitutes a knowing violation of R.C.

46

1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 43

### (Seventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

200.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

201.    Defendants' conduct, in placing the Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

202.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 44

### (Seventh Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

203.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

204.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore,

47

Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

205.     Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 45

### (Seventh Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4))

206.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

207.     Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

208.     Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 46

### (Seventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

48

209. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

210. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

211. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Seventh Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 47

### (Seventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

212. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

213. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

214. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Seventh Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500 for this violation.

## COUNT 48

### (Seventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(3)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(1))

215.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

216.    Defendant's conduct, in failing to send its Do-Not-Call Maintenance Policy to

Plaintiff upon his demand during Defendant's Seventh Call to Plaintiff's residence, violated 47

U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an

award of statutory damages in the minimum amount of $500 for this violation.

217.    Defendant's conduct, in failing to send its Do-Not-Call Maintenance Policy to

Plaintiff upon his demand during Defendant's Seventh Call to Plaintiff's residence, constitutes a

knowing and/or willful violation of 47 U.S.C. §227(b)(3)(B) and 47 C.F.R. §64.1200(d)(1) and,

therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for

this violation.

## COUNT 49

### (Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

218.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

219.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence to deliver

an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval,

constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2).  Such conduct

also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

220.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence to deliver

an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 50

**(Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

221. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

222. Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

223. Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 51

**(Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

224. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

225. Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and

failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

226.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 52

### (Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

227.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

228.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

229.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Seventh Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B)

for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 53

**(Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

230.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

231.     Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

232.     Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Seventh Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 54

**(Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(3)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(1), Which Constitutes an Unfair or Deceptive Act or Practice)**

233.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

234.     Defendant's conduct, in failing to send its Do-Not-Call Maintenance Policy to Plaintiff upon his demand during Defendant's Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair

and/or deceptive act or practice in violation of R.C. §1345.02(A).

235. Defendant's conduct, in failing to send its Do-Not-Call Maintenance Policy to Plaintiff upon his demand during Defendant's Seventh Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 55

### (Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

236. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

237. Defendants' conduct, in placing the Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

238. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 56

### (Eighth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

239. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

54

240. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

241. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 57

### (Eighth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

242. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

243. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

244. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

55

## COUNT 58

### (Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

245.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

246.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

247.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eighth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 59

### (Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

248.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

249.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

250.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Eighth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 60

### (Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

251. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

252. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

253. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 61

### (Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

254. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

255. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the

57

message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

256. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 62

**(Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

257. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

258. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

259. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 63

**(Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based**

**Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

260. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

261. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eighth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

262. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eighth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 64

**(Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

263. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

264. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

265.     Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eighth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 65

### (Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

266.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

267.     Defendants' conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

268.     Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 66

### (Ninth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

269.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

270.     Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing

to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

271.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 67

### (Ninth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

272.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

273.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

274.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 68

**(Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))**

275. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

276. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

277. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 69

**(Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))**

278. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

279. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

280. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R.

§64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 70

### (Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

281. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

282. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

283. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 71

### (Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

284. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

285. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the

minimum amount of $500 for this violation.

286.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 72

**(Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

287.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

288.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

289.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 73

**(Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

290.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

291. Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

292. Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 74

### (Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

293. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

294. Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

295. Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 75

**(Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

296.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

297.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

298.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Ninth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 76

**(Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

299.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

300.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

66

301. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Ninth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 77

**(Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

302. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

303. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

304. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Ninth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 78

**(Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and**

## Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

305.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

306.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

307.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Ninth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 79

## (Tenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

308.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

309.    Defendants' conduct, in placing the Tenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

310.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R.

68

§64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 80

### (Tenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

311.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

312.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

313.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 81

### (Tenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

314.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

315.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

69

316. Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 82

### (Tenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

317. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

318. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Tenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

319. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Tenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 83

### (Tenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

320. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

321. Defendant's conduct, in failing to train its live agent in the maintenance and use

of the caller's Do-Not-Call List in regard to the caller's Tenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

322. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Tenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 84

### (Tenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

323. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

324. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Tenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

325. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Tenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 85

### (Tenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

326. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

327. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Tenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

328. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Tenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 86

### (Tenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

329. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

330. Defendant's conduct, in placing the Tenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

331. Defendant's conduct, in placing the Tenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an

72

award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 87

### (Tenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

332.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

333.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

334.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 88

### (Tenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

335.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

336.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also

constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

337. Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 89

### (Tenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

338. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

339. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Tenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

340. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Tenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 90

### (Tenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and

74

**Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

341. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

342. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Tenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

343. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Tenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 91

**(Tenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

344. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

345. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Tenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

346. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as

75

demonstrated by Defendant's Tenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

### COUNT 92

### (Tenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

347. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

348. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Tenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

349. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Tenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

### COUNT 93

### (Eleventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

350. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

351. Defendants' conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

352. Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 94

### (Eleventh Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

353. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

354. Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

355. Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 95

77

## (Eleventh Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

356.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

357.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

358.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 96

## (Eleventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

359.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

360.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eleventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

361.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as

demonstrated by Defendant's Eleventh Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 97

### (Eleventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

362. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

363. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eleventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

364. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eleventh Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 98

### (Eleventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

365. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

366. Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such

79

conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

367. Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 99

### (Eleventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

368. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

369. Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

370. Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 100

80

**(Eleventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

371.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

372.     Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

373.     Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 101

**(Eleventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

374.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

375.     Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eleventh Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also

constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

376.   Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eleventh Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 102

### (Eleventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

377.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

378.   Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eleventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

379.   Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eleventh Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 103

### (Twelfth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

82

380. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

381. Defendants' conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

382. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 104

### (Twelfth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

383. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

384. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

385. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47

83

C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 105

### (Twelfth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

386. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

387. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

388. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 106

### (Twelfth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

389. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

390. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twelfth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of

84

statutory damages in the minimum amount of $500 for this violation.

391. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twelfth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 107

### (Twelfth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

392. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

393. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twelfth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

394. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twelfth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 108

### (Twelfth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

395. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

85

396. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

397. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 109

### (Twelfth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

398. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

399. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

400. Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

86

## COUNT 110

### (Twelfth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

401.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

402.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

403.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 111

### (Twelfth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

404.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

405.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twelfth Call to Plaintiff's residence, constitutes a knowing and/or

87

willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

406. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twelfth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 112

**(Twelfth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

407. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

408. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twelfth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

409. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twelfth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 113

**(Thirteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))**

410.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

411.    Defendants' conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

412.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 114

**(Thirteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))**

413.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

414.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

415.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and

89

failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 115

### (Thirteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

416.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

417.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

418.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 116

### (Thirteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

419.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

420.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirteenth Call to

90

Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

421.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 117

### (Thirteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

422.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

423.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

424.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 118

### (Thirteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

425.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

426.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

427.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 119

### (Thirteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

428.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

429.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

430.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is

entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 120

### (Thirteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

431.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

432.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

433.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 121

### (Thirteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

434.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

435.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the

93

message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

436. Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 122

### (Thirteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

437. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

438. Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

439. Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

94

## COUNT 123

**(Thirteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

440. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

441. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

442. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 124

**(Thirteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

443. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

444. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes

an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

445.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 125

**(Thirteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

446.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

447.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

448.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 126

**(Thirteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

449. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

450. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

451. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 127

**(Fourteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))**

452. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

453. Defendants' conduct, in placing the Fourteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

454. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 128

### (FourteenthCall - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

455. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

456. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

457. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 129

### (Fourteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4))

458. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

459. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and,

therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

460.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 130

### (Fourteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

461.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

462.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Fourteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

463.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Fourteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 131

### (Fourteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

99

464.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

465.     Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Fourteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

466.     Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Fourteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 132

### (Fourteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

467.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

468.     Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fourteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

469.     Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fourteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore,

Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 133

### (Fourteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

470. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

471. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fourteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

472. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fourteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 134

### (Fourteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

473. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

474. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

475. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 135

### (Fourteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

476. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

477. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

478. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 136

### (Fourteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

479. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

480. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

481. Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 137

### (Fourteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

482. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

483. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Fourteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

484. Defendant's conduct, in failing to record Plaintiff's name and telephone

103

number(s) on its Do-Not-Call List upon Plaintiff's request during the Fourteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 138

### (Fourteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

485. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

486. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Fourteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

487. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Fourteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 139

### (Fourteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

488. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

489. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fourteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

490. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fourteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 140

### (Fourteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

491. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

492. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fourteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

493. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fourteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum

amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 141

### (Fifteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

494.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

495.    Defendants' conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

496.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 142

### (Fifteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

497.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

498.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this

violation.

499. Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 143

### (Fifteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

500. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

501. Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

502. Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 144

### (Fifteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

503. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

504. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fifteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

505. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fifteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 145

### (Fifteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

506. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

507. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fifteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

508. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fifteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 146

**(Fifteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

509.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

510.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

511.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 147

**(Fifteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

512.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

513.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also

constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

514.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 148

### (Fifteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

515.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

516.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4).   Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

517.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 149

**(Fifteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

518.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

519.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fifteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

520.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Fifteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 150

**(Fifteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

521.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

522.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fifteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

523. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Fifteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 151

### (Sixteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

524. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

525. Defendants' conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

526. Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 152

### (Sixteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

527. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

528. Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and

112

failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

529.   Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 153

### (Sixteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

530.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

531.   Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

532.   Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 154

### (Sixteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

533. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

534. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Sixteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

535. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Sixteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 155

### (Sixteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

536. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

537. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Sixteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

538. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Sixteenth Call to Plaintiff's residence,

114

constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 156

### (Sixteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

539. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

540. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

541. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 157

### (Sixteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

542. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

543. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47

115

C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

544. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 158

### (Sixteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

545. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

546. Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

547. Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 159

116

**(Sixteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

548.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

549.    Defendant's conduct, in placing the Tixteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

550.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 160

**(Sixteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

551.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

552.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

553.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and

failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 161

**(Sixteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

554. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

555. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Sixteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

556. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Sixteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 162

**(Sixteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

118

557. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

558. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Sixteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

559. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Sixteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 163

### (Sixteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

560. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

561. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

562. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Sixteenth Call to Plaintiff's residence, constitutes a knowing

119

violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 164

**(Sixteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

563. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

564. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

565. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Sixteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 165

**(Seventeenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))**

566. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

567. Defendants' conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and,

therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

568. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 166

### (Seventeenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

569. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

570. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

571. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 167

### (Seventeenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

572. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

573. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

574. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 168

### (Seventeenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

575. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

576. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Seventeenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

577. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Seventeenth Call to Plaintiff's residence, constitutes a knowing

122

and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 169

### (Seventeenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

578. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

579. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Seventeenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

580. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Seventeenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 170

### (Seventeenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

581. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

582. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C.

§1345.02(A).

583. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 171

**(Seventeenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

584. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

585. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

586. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 172

**(Seventeenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A),**

124

**Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

587. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

588. Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

589. Defendant's conduct, in placing the Seveneteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 173

**(Seventeenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

590. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

591. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Seventeenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

592.     Defendant's conduct, in failing to maintain a record of Plaintiff's previous

demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as

demonstrated by Defendant's Seventeenth Call to Plaintiff's residence, constitutes a knowing

violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages

in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's

reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 174

### (Seventeenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

593.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

594.     Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Seventeenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).  Such conduct also constitutes an unfair and/or deceptive act or practice

in violation of R.C. §1345.02(A).

595.     Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Seventeenth Call to Plaintiff's residence, constitutes a knowing violation of R.C.

1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum

amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable

attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 175

### (Eighteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

596.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

597. Defendants' conduct, in placing the Eighteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

598. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 176

### (Eighteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

599. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

600. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

601. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages

127

in the amount of $1,500 for this violation.

## COUNT 177

### (Eighteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

602.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

603.     Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

604.     Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 178

### (Eighteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

605.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

606.     Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eighteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

128

607. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eighteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 179

### (Eighteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

608. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

609. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eighteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

610. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eighteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 180

### (Eighteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

611. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

612. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence to

129

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

613. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 181

### (Eighteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

614. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

615. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

616. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C.

§1345.09(F).

## COUNT 182

### (Eighteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

617.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

618.   Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

619.   Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 183

### (Eighteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

620.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

621.   Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as

131

demonstrated by Defendant's Eighteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

622. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Eighteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 184

### (Eighteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

623. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

624. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eighteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

625. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Eighteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

132

## COUNT 185

### (Nineteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

626.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

627.    Defendants' conduct, in placing the Nineteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

628.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 186

### (Nineteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

629.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

630.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

631.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and

133

failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 187

### (Nineteenth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

632.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

633.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

634.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 188

### (Nineteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

635.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

636.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as

134

demonstrated by Defendant's Nineteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

637. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Nineteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

**COUNT 189**

**(Nineteenth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))**

638. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

639. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Nineteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

640. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Nineteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

**COUNT 190**

**(Nineteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B)**

**and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

641. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

642. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

643. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 191

**(Nineteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

644. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

645. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

646. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and

136

failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 192

**(Nineteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

647. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

648. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

649. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 193

**(Nineteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or**

137

**Deceptive Act or Practice)**

650.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

651.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Nineteenth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

652.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Nineteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 194

**(Nineteenth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

653.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

654.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Nineteenth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

655.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

138

by placing the Nineteenth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 195

### (Twentieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

656. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

657. Defendants' conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

658. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 196

### (Twentieth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

659. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

660. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the

139

message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

661. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 197

### (Twentieth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

662. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

663. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

664. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 198

140

## (Twentieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

665. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

666. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twentieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

667. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twentieth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 199

## (Twentieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

668. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

669. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twentieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

670. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twentieth Call to Plaintiff's residence, constitutes a knowing and/or willful

violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 200

### (Twentieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

671.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

672.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

673.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 201

### (Twentieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

674.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

675.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and

142

failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

676. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 202

### (Twentieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

677. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

678. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

679. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to

R.C. §1345.09(F).

## COUNT 203

### (Twentieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

680.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

681.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twentieth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

682.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twentieth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 204

### (Twentieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

683.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

684.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twentieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

685.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twentieth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

<div align="center">

**COUNT 205**

**(Twenty-First Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))**

</div>

686.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

687.    Defendants' conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

688.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

<div align="center">

**COUNT 206**

**(Twenty-First Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))**

</div>

689.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

690.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

691.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 207

### (Twenty-First Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

692.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

693.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

694.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R.

146

§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 208

### (Twenty-First Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

695. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

696. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-First Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

697. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-First Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 209

### (Twenty-First Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

698. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

699. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-First Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the

minimum amount of $500 for this violation.

700.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-First Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 210

### (Twenty-First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

701.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

702.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

703.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 211

### (Twenty-First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R.

148

§64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

704. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

705. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

706. Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 212

### (Twenty-First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

707. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

708. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

709. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity

149

initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 213

### (Twenty-First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

710.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

711.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-First Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

712.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-First Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 214

### (Twenty-First Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

150

713. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

714. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-First Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

715. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-First Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 215

### (Twenty-First Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(4))

716. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

717. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to voluntarily state the telephone number or address of the business, individual, or other entity initiating the call, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

718. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to voluntarily state the telephone number or address of the business, individual, or other entity initiating the call, violated, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of

151

statutory treble damages in the amount of $1,500 for this violation.

## COUNT 216

### (Twenty-Second Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

719.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

720.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Second Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

721.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Second Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 217

### (Twenty-Second Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

722.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

723.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Second Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

724. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Second Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 218

### (Twenty-Second Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

725. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

726. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Second Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

727. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Second Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 219

### (Twenty-Second Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

728. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

729. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Second Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

730. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Second Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 220

### (Twenty-Second Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

731. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

732. Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

733. Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

154

## COUNT 221

**(Twenty-Second Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

734.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

735.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Second Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

736.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Second Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 222

**(Twenty-Second Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

737.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

738.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Second Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also

155

constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

739.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Second Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 223

### (Twenty-Second Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

740.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

741.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Second Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

742.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Second Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

156

## COUNT 224

### (Twenty-Second Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

743.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

744.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Second Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

745.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Second Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 225

### (Twenty-Third Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

746.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

747.    Defendants' conduct, in placing the Twenty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

748.    Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 226

### (Twenty-Third Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

749. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

750. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

751. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 227

### (Twenty-Third Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

752. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

753. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity

initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

754. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 218

### (Twenty-Third Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

755. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

756. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Third Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

757. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Third Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 229

## (Twenty-Third Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

758. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

759. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Twenty-Third Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and

47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in

the minimum amount of $500 for this violation.

760. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Twenty-Third Call to Plaintiff's residence, constitutes a knowing and/or willful

violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is

entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 230

## (Twenty-Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

761. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

762. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such

conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C.

§1345.02(A).

763. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

160

approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled

to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B)

for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C.

§1345.09(F).

## COUNT 231

### (Twenty-Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

764.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

765.     Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and

failing to identify the business, individual, or other entity initiating the call at the beginning of the

message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also

constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

766.     Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and

failing to identify the business, individual, or other entity initiating the call at the beginning of the

message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled

to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B)

for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C.

§1345.09(F).

## COUNT 232

### (Twenty-Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

767.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

768.     Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and

161

failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

769.    Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 233

### (Twenty-Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

770.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

771.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Third Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

772.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Third Call to Plaintiff's residence, constitutes a knowing

violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of \$200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 234

### (_Twenty-Third Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

773.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

774.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Third Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

775.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Third Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of \$200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 235

### (Twenty-Fourth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

776.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

777.    Defendants' conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and,

163

therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

778. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 236

### (Twenty-Fourth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

779. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

780. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

781. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 237

### (Twenty-Fourth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

782. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

783. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

784. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 238

### (Twenty-Fourth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

785. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

786. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fourth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

787. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fourth Call to Plaintiff's residence, constitutes a knowing

165

and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 239

**(Twenty-Fourth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))**

788. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

789. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fourth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

790. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fourth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 240

**(Twenty-Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

791. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

792. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C.

§1345.02(A).

793.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 241

### (Twenty-Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. 1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

794.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

795.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

796.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 242

### (Twenty-Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C.

**§1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

797. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

798. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

799. Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 243

**(Twenty-Fourth Call – Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

800. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

801. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fourth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

802.     Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fourth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 244

### (Twenty-Fourth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

803.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

804.     Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fourth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

805.     Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fourth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 245

### (Twenty-Fifth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(4))

806.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

807.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to voluntarily state the telephone number or address of the business, individual, or other entity initiating the call, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

808.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to voluntarily state the telephone number or address of the business, individual, or other entity initiating the call, violated, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 246

### (Twenty-Fifth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

809.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

810.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fifth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

811.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fifth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore,

Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 247

### (Twenty-Fifth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

812. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

813. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fifth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

814. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fifth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 248

### (Twenty-Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

815. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

816. Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

817. Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and

171

failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 249

### (Twenty-Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

818.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

819.   Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fifth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

820.   Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Fifth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 250

### (Twenty-Fifth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B),

**and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

821. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

822. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fifth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

823. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Fifth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 251

**(Twenty-Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(4))**

824. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

825. Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to voluntarily state the telephone number or address of the business, individual, or other entity initiating the call, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

826. Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to voluntarily state the telephone number or address of the business, individual, or other entity initiating the call, violated, constitutes a knowing and/or willful violation of 47 U.S.C.

173

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 252

### (Twenty-Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

827. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

828. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

829. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 253

### (Twenty-Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

830. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

831. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this

174

violation.

832. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 254

### (Twenty-Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

833. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

834. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

835. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 255

### (Twenty-Sixth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

175

836.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

837.     Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

838.     Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 256

### (Twenty-Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)

839.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

840.     Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

841.     Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to

R.C. §1345.09(F).

## COUNT 257

**(Twenty-Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

842.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

843.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

844.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 258

**(Twenty-Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

845.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

846.    Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Sixth Call to Plaintiff's

residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

847. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 259

### (Twenty-Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

848. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

849. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

850. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's

178

reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 260

### (Twenty-Sixth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

851.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

852.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Sixth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

853.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Sixth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 261

### (Twenty-Seventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

854.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

855.    Defendants' conduct, in placing the Twenty-Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

856. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 262

### (Twenty-Seventh Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

857. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

858. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

859. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 263

### (Twenty-Seventh Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

860. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

861. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence

and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

862.   Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 264

### (Twenty-Seventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

863.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

864.   Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

865.   Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Seventh Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this

181

violation.

## COUNT 265

**(Twenty-Seventh Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))**

866.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

867.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Twenty-Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B)

and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory

damages in the minimum amount of $500 for this violation.

868.    Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Twenty-Seventh Call to Plaintiff's residence, constitutes a knowing and/or willful

violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is

entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 266

**(Twenty-Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

869.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

870.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence

to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such

conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C.

§1345.02(A).

871.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence

182

to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 267

**(Twenty-Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

872. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

873. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

874. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 268

**(Twenty-Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

875. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

183

876. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

877. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 269

### (Twenty-Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

878. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

879. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Seventh Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

880. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as

184

demonstrated by Defendant's Twenty-Seventh Call to Plaintiff's residence, constitutes a knowing

violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages

in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's

reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 270

### (Twenty-Seventh Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)

881. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

882. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Twenty-Seventh Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B)

and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or

practice in violation of R.C. §1345.02(A).

883. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand

by placing the Twenty-Seventh Call to Plaintiff's residence, constitutes a knowing violation of

R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the

minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's

reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 271

### (Twenty-Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

884. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

885. Defendants' conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

886. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 272

### (Twenty-Eighth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

887. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

888. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

889. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 273

## (Twenty-Eighth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4))

890. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

891. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

892. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 274

## (Twenty-Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

893. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

894. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

895. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Eighth Call to

187

Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 275

### (Twenty-Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))

896. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

897. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

898. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's _____ Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 276

### (Twenty-Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

899. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

900. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Eighth Call to Plaintiff's residence, violated 47 U.S.C.

188

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

901. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Eighth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 277

### (Twenty-Eighth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

902. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

903. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the mimimum amount of $500 for this violation.

904. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Eighth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 278

### (Twenty-Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

905. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

906. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

907. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 279

### (Twenty-Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

908. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

909. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

910. Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning

190

of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 280

**(Twenty-Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

911.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

912.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

913.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 281

**(Twenty-Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

191

914. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

915. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

916. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Twenty-Eighth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 282

### (Twenty-Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

917. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

918. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

919. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Twenty-Eighth Call to Plaintiff's

residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 283

**(Twenty-Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)**

920.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

921.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Eighth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

922.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Eighth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 284

**(Twenty-Eighth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

193

923. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

924. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Eighth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

925. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Eighth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 285

### (Twenty-Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))

926. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

927. Defendants' conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

928. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages

in the amount of $1,500 for this violation.

## COUNT 286

### (Twenty-Ninth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

929.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

930.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

931.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 287

### (Twenty-Ninth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

932.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

933.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

934.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 288

### (Twenty-Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))

935.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

936.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

937.    Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 289

### (Twenty-Ninth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

938.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

939. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

940. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 290

### (Twenty-Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

941. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

942. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

943. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C.

197

§1345.09(F).

## COUNT 291

**(Twenty-Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)**

944.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

945.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

946.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 292

**(Twenty-Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) And 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

947.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

948.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C.

§1345.02(A).

949. Defendant's conduct, in placing the Twenty-Nine Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 293

### (Twenty-Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

950. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

951. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Ninth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

952. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Twenty-Ninth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 294

**(Twenty-Ninth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

953. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

954. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Ninth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

955. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Twenty-Ninth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 295

**(Thirtieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and Federal Regulation 47 C.F.R. §64.1200(a)(2))**

956. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

957. Defendants' conduct, in placing the Thirtieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

958. Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 296

### (Thirtieth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(1) and 47 C.F.R. §64.1200(d)(4))

959. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

960. Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

961. Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 297

### (Thirtieth Call - Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4))

962. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

963. Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity

201

initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

964. Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 298

## (Thirtieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

965. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

966. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirtieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

967. Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirtieth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 299

**(Thirtieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2))**

968. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

969. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirtieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

970. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirtieth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 300

**(Thirtieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6))**

971. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

972. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirtieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

973. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirtieth Call to Plaintiff's residence, constitutes a knowing and/or

willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 301

### (Thirtieth Call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3))

974. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

975. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirtieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

976. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirtieth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 302

### (Thirtieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and Federal Regulation 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

977. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

978. Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C.

204

§1345.02(A).

979.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 303

### (Thirtieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of Federal Regulations 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

980.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

981.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

982.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 304

### (Thirtieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A),

**Based Upon Violation of Federal Regulations 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4), Which Constitutes an Unfair or Deceptive Act or Practice)**

983.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

984.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, violated 47 C.F.R. §64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

985.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 305

**(Thirtieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

986.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

987.    Defendant's conduct, in failing to record Plaintiff's name and telephone number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirtieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

988.    Defendant's conduct, in failing to record Plaintiff's name and telephone

number(s) on its Do-Not-Call List upon Plaintiff's request during the Thirtieth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 306

### (Thirtieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(2), Which Constitutes an Unfair or Deceptive Act or Practice)

989. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

990. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirtieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

991. Defendant's conduct, in failing to train its live agent in the maintenance and use of the caller's Do-Not-Call List in regard to the caller's Thirtieth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 307

### (Thirtieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(6), Which Constitutes an Unfair or Deceptive Act or Practice)

992. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

993. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirtieth Call to Plaintiff's residence, constitutes a knowing and/or willful violation of 47U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

994. Defendant's conduct, in failing to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name and telephone number on its Do-Not-Call List, as demonstrated by Defendant's Thirtieth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 308

**(Thirtieth Call - Violation of the Ohio Consumer Sales Practices Act, R.C. §1345.02(A), Based Upon Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B), and Federal Regulation 47 C.F.R. §64.1200(d)(3), Which Constitutes an Unfair or Deceptive Act or Practice)**

995. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

996. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirtieth Call to Plaintiff's residence, violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of R.C. §1345.02(A).

997. Defendant's conduct, in failing to honor Plaintiff's previous Do-Not-Call demand by placing the Thirtieth Call to Plaintiff's residence, constitutes a knowing violation of R.C. 1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum

amount of \$200 pursuant to R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 309

### (Common Law Invasion of Privacy)

998.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

999.    Over the course of just three years, through at least 30 separate telephone calls to Plaintiff's residence placed by Defendant and/or its authorized agents, 27 of which were prerecorded voice message telemarketing calls,[3] Defendant has repeatedly called Plaintiff's residential telephone numbers in direct contravention of Plaintiff's repeated, explicit requests that Defendant place Plaintiff's name and telephone numbers on its Do-Not-Call List. In doing so, Defendant persistently, repeatedly and intentionally intruded upon the solitude and seclusion of Plaintiff, thereby invading Plaintiff's privacy.

1000.   Defendant's repeated intrusions upon Plaintiff's solitude and seclusion would be highly offensive to a reasonable person.

1001.   Defendant either acted with actual ill will or hatred toward Plaintiff, or in conscious disregard of the rights of Plaintiff and that its conduct had a great probability of causing substantial harm to Plaintiff.

1002.   Plaintiff has suffered harm and injury to himself as a result of Defendant's intrusions upon his solitude and seclusion, and is entitled to an award of compensatory damages against Defendant in an amount that is currently unknown, and an award of punitive damages, as

---

[3] Congress has identified automated telemarketing calls as a unwarranted intrusion on residential privacy. *Moser v. Federal Communications Comm'n,* 46 F.3d 970, 972, 974 (9th Cir.), cert. denied, 515 U.S.1161, 132 L. Ed. 2d 857, 115 S. Ct. 2615 (1995). The Congressional findings following 47 U.S.C. Section 227 include the statement that "evidence compiled by Congress indicates that residential telephone subscribers consider automated or prerecorded calls, regardless of the content or the initiator of the message, to be a **nuisance** and an **invasion of privacy**."

well.

## COUNT 309

### (Common Law Nuisance Per Se)

1003. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

1004. Over the course of just three years, through at least 30 separate telephone calls to Plaintiff's residence placed by Defendant and/or its authorized agents, 27 of which were prerecorded voice message telemarketing calls, Defendant has repeatedly called Plaintiff's residential telephone numbers in direct contravention of Plaintiff's repeated, explicit requests that Defendant place Plaintiff's name and telephone numbers on its Do-Not-Call List. In doing so, Defendant persistently, repeatedly and intentionally interfered with and annoyed in the enjoyment of his legal right not to be called after asking to be placed on Defendant's Do-Not-Call List, and thereby created a nuisance per se as to Plaintiff.

1005. Defendant either acted with actual ill will or hatred toward Plaintiff, or in conscious disregard of the rights of Plaintiff and that its conduct had a great probability of causing substantial harm to Plaintiff.

1006. Plaintiff has suffered harm and injury to himself as a result of Defendant's nuisance, and is entitled to an award of compensatory damages against Defendant in an amount that is currently unknown, and an award of punitive damages, as well.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief on his foregoing Claims against Defendant:

A.     For each of Defendant's violations of the TCPA, an award to Plaintiff of minimum

Congressional findings. Act. Dec. 20, 1991, P.L. 102-243, Section 2, 105 Stat. 2394. (Emphasis added.)

statutory damages in the amount of $500.

B.      For each of Defendant's knowing and/or willful violations of the TCPA, an award to Plaintiff of statutory trebled damages in the amount of $1,500.

C.      For each of Defendant's violations of the TCPA, an award to Plaintiff of his reasonable attorney's fees and costs pursuant to 47 U.S.C. §153.

D.      For each of Defendant's violations of the CSPA, an award to Plaintiff of minimum statutory damages in the amount of $200.

E.      For each of Defendant's knowing violations of the CSPA, an award to Plaintiff of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

F.      To prohibit Defendant from continuing to violate the CSPA, the imposition of injunctive relief, both preliminary and permanent, against Defendant pursuant to R.C. §1345.09(D).

G.      To prohibit Defendant from continuing to violate the TCPA, the imposition of injunctive relief, both preliminary and permanent, against Defendant pursuant to 47 U.S.C. §227(b)(3)(A) and/or §227(c)(5)(A).

H.      For Plaintiff's common law invasion of privacy claim, an award to Plaintiff of compensatory and punitive damages in an amount to be determined at trial, and Plaintiff's reasonable attorney's fees and costs.

I.      For Plaintiff's common law nuisance per se claim, an award to Plaintiff of compensatory and punitive damages in an amount to be determined at trial, and Plaintiff's reasonable attorney's fees and costs.

J.      All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

John W. Ferron / (0024532)
jferron@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

Trial Attorney for Plaintiff,
Philip J. Charvat

Of Counsel to Plaintiff:

Jessica G. Fallon (0079169)
jfallon@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all of his claims against Defendant.

John W. Ferron
Jessica G. Fallon