# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP J. CHARVAT, | : | |
| Plaintiff, | : | Case No. 2:07-cv-1000 |
| v. | : | Judge Holschuh |
| ECHOSTAR SATELLITE, LLC, | : | Magistrate Judge Abel |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

Plaintiff Philip Charvat sues Defendant Echostar Satellite, LLC ("Echostar") alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Ohio Consumer Sales Practices Act ("OCSPA").[1] Plaintiff asserts 307 claims against Echostar under these laws arising from thirty allegedly illegal telemarketing phone calls made by Echostar to his residence. He seeks the maximum amount of statutory damages for each claim, as well as injunctive relief. The matter is before the Court on Echostar's motion for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. # 24.) Echostar contends that 124 claims should be dismissed because Plaintiff, through these claims, impermissibly seeks multiple recovery of damages under the TCPA and the OCSPA.

## I.  Background

On June 19, 2004, Plaintiff allegedly received the first in a string of unwanted telemarketing phone calls from Echostar. (Compl. ¶ 10.) According to Plaintiff, Echostar,

---

[1] Unimportant for the purposes of this motion, Plaintiff also asserts common law invasion of privacy and nuisance per se claims.

through a prerecorded voice message, solicited him to buy satellite television products and services. (Compl. ¶ 10.) Plaintiff suffered three more of these calls until, on August 4, 2004, during the fifth call—but the first from a live Echostar representative—he demanded that Echostar place his name on the company's Do-Not-Call List. (Compl. ¶¶ 18-19.) Despite this demand, Plaintiff alleges that he received twenty five more calls from Echostar, some prerecorded voice messages, some from live representatives, soliciting the satellite television products and services. After the thirtieth call, on August 1, 2007, Echostar allegedly stopped calling.

During each of the thirty calls, Echostar allegedly committed multiple violations of the TCPA and the OCSPA. The violations included, among others, Echostar's failure to: (1) obtain prior consent or approval from Plaintiff before making the calls; (2) voluntarily state the name of the caller; (3) voluntarily state the caller's phone number and address; (4) record Plaintiff's name and telephone number on its Do-Not-Call List; (5) train the live representative in the maintenance and use of its Do-Not-Call List; (6) honor Plaintiff's request to be placed on the Do-Not-Call List; and (7) send Plaintiff, upon his demand, a copy of its Do-Not-Call List maintenance policy. Based on these alleged violations, Plaintiff brings 307 claims against Echostar under the TCPA and the OCSPA. Echostar's motion to dismiss 124 of these claims on the pleadings is now before this Court. (Doc. # 24.)

## II. Subject Matter Jurisdiction

Plaintiff contends in his complaint that this Court has federal question jurisdiction over his claims. (Compl. ¶ 7.) As Plaintiff should know from his previous telemarketing action in the

Southern District of Ohio, the TCPA does not give rise to federal question jurisdiction.[2]
Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5) (1991); Dun-Rite Constr., Inc. v. Amazing Tickets, Inc., 2004 WL 3239533, *2 (6th Cir. Dec. 16, 2004) (noting that the lack of federal question jurisdiction over private TCPA claims is "well settled"); Compoli v. AVT Corp., 116 F. Supp.2d 926, 928 (N.D. Ohio 2000) (declining to extend federal question jurisdiction over private TCPA claims and noting that at least six federal circuit courts have held that no private cause of action exists in federal court under the TCPA).

Nevertheless, the federal circuit courts that have addressed the issue agree that the TCPA does not divest federal courts of diversity jurisdiction. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 451 (7th Cir. 2005); Gottlieb v. Carnival Corp., 436 F.3d 335, 341 (2d Cir. 2006); US Fax Law Center, Inc. v. Ihire, Inc., 476 F.3d 1112, 1117-18 (10th Cir. 2007). Given this authority, and the absence of case law to the contrary, the Court finds that it can exercise diversity jurisdiction in this case. The Court is aware of the Sixth Circuit's description in Dun-Rite of state court jurisdiction under the TCPA as "exclusive." See 2004 WL 3239533 at *2 ("[S]tate courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled."). But the Court finds that the Sixth Circuit's discussion of exclusive jurisdiction in Dun-Rite must be read in context. See 2004 WL 3239533 at *2; Gottlieb, 436 F.3d at 337

---

[2] Plaintiff filed identical claims against a different company in Charvat v. GVN Michigan, Inc., 531 F. Supp.2d 922 (S.D. Ohio 2008). Federal court jurisdiction in that case was based on diversity of citizenship, which, as in this case, was undisputed. Id. at 929. After granting defendant summary judgment on a number of Plaintiff's claims, the maximum recovery on the remaining claims fell below the required amount in controversy of $75,000. Id. Accordingly, Judge Marbley, *sua sponte*, dismissed the action for lack of diversity jurisdiction. Id.

(finding that the Second Circuit's use of the word "exclusive" in a previous case to describe state court jurisdiction under the TCPA "meant only that state courts have exclusive *substance-based* jurisdiction over private TCPA claims," and did not speak to whether the TCPA precludes diversity jurisdiction in federal courts). That is, Dun-Rite, like the cases cited by the Sixth Circuit to support its exclusivity statement, dealt only with federal question jurisdiction. 2004 WL 3239533 at *2; see Gottlieb, 436 F.3d at 337. The issue of whether the TCPA divests federal courts of diversity jurisdiction was not raised in Dun-Rite. Therefore, the Sixth Circuit's use of the word "exclusive" should be interpreted to mean "only that state courts have exclusive *substance-based* jurisdiction over private TCPA claims." See Gottlieb, 436 F.3d at 337 n.3 (emphasis in original). Dun-Rite does not stand for the proposition that the TCPA divests federal courts of diversity jurisdiction.

Complete diversity exists between Plaintiff and Echostar. See 28 U.S.C. § 1332(a)(1). And even if the Court grants Echostar's motion for partial judgment on the pleadings, and dismisses all 124 of Plaintiff's claims, the amount in controversy will still exceed $75,000. See id. Therefore, the Court has subject matter jurisdiction over all of Plaintiff's claims.[3]

## III.    Standard of Review for Rule 12(c) Motion

Motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure are evaluated in much the same way as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. See Grindstaff v. Green, 133 F.3d 416, 421 (6th

---

[3] Because this case arises under diversity jurisdiction, the Court must look to Ohio law for guidance adjudicating these claims. See Lukowski v. CSX Transp., Inc., 416 F.3d 478, 484 (6th Cir. 2005) ("A federal court sitting in diversity applies the substantive law of the state in which it sits.").

Cir. 1998); Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001); Mixon v. Ohio, 193 F.3d 389, 399-400 (6th Cir. 1999). The purpose of a motion under either rule is to test the sufficiency of the complaint. A complaint need not set down in detail all the particularities of a plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." But the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Grindstaff, 133 F.3d at 421. The Court will indulge all reasonable inferences that might be drawn from the pleading. See Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972). It will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Grindstaff, 133 F.3d at 421.

The Court will grant a motion for dismissal under Rule 12(b)(6) in the absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint, an insurmountable bar to relief indicates that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

**IV. Discussion**

Echostar moves to dismiss 124 of Plaintiff's claims on the pleadings under Rule 12(c). Echostar makes four specific arguments to support its general proposition that Plaintiff, through

5

these 124 claims, impermissibly seeks multiple recovery of damages under the TCPA and the OCSPA. First, Echostar argues that forty seven of Plaintiff's claims under § 227(c)(5) of the TCPA should be dismissed because damages under that subsection are calculated on a per call basis, not a per violation basis as alleged by Plaintiff. Second, Echostar similarly argues that forty eight of Plaintiff's OCSPA claims should be dismissed because damages under the OCSPA, when the OCSPA claim is predicated on an alleged violation of § 227(c)(5) of the TCPA, are also limited to one recovery per call. Third, Echostar contends that another twenty five of Plaintiff's OCSPA claims should be dismissed because Plaintiff, through these claims, seeks to recover for two alleged violations of a § 227(c)(5) Federal Communications Commission ("FCC") regulation in the same phone call, when he is only allowed one recovery per call under that regulation. Finally, Echostar argues that four claims arising from its fifth call to Plaintiff should be dismissed because that was the first time Echostar allegedly violated § 227(c)(5) of the TCPA, and § 227(c)(5) does not permit recovery for the first violative call. The Court will analyze each of these grounds for Echostar's motion to determine which claims, if any, should be dismissed under Rule 12(c). A brief discussion first of the TCPA is in order.[4]

### A. Telephone Consumer Protection Act

Congress enacted the TCPA in 1991 to "protect the privacy rights of citizens by

---

[4] The Court need not go into detail on the OCSPA since the disputed OCSPA claims are all predicated on the TCPA or its regulations. The TCPA does not preempt state laws and regulations governing telephone solicitations. 47 U.S.C. § 227(e)(1)(D). Echostar does not dispute that the alleged violations of the TCPA, if proven, would also constitute violations of the OCSPA. See OHIO REV. CODE ANN. §§ 1345.01(A), 1345.02(A), 1345.09(B); Charvat v. Ryan, 858 N.E.2d 845, 856 (Ohio Ct. App. 2006) (finding that defendants' "TCPA violations constitute violations of the CSPA because the violations arose out of a solicitation to an individual for the sale of dental services, which are services that are primarily for personal, family, or household purposes"—a consumer transaction as defined in § 1345.02(A) of the OCSPA).

restricting the use of the telephone network for unsolicited advertising." Charvat v. GVN Michigan, Inc., 531 F. Supp.2d 922 (S.D. Ohio 2008) (quoting Worsham v. Nationwide Ins. Co., 772 A.2d 868, 872 (Md. Ct. Spec. App. 2001)). Section 227(c)(5) provides:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--
> ***
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater[.]

The TCPA charges the FCC with promulgating the regulations referred to in § 277(c)(5). 47 U.S.C. § 227(c)(2).[5] The FCC's regulations lay out specific requirements that telemarketers must follow to keep their calls within the law. For example, and pertinent to this motion, 47 C.F.R. § 64.1200(b) requires telemarketers, in all prerecorded telemarketing calls, to clearly state the name and phone number of their business.[6] A telemarketer who violates these regulations is

---

[5] 47 U.S.C. § 227(c)(2) provides that:

Not later than 9 months after December 20, 1991, the Commission shall conclude the rulemaking proceeding initiated under paragraph (1) and shall prescribe regulations to implement methods and procedures for protecting the privacy rights described in such paragraph in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers.

[6] 47 C.F.R. § 64.1200(b) provides that "all artificial and prerecorded telephone messages shall:"

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated, and (2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges

7

liable, under § 227(c)(5), for actual damages or statutory damages of $500. 47 U.S.C. § 227(c)(5)(A)-(B). Treble damages are available for knowing or willful violations. Id. at § 227(c)(5)(C).[7]

### B. Echostar's Four Grounds for Its Motion

#### 1. Multiple Recovery Under § 227(c)(5) of the TCPA

Plaintiff asserts a claim for each technical violation of the FCC regulations under § 227(c)(5) of the TCPA allegedly committed by Echostar during twenty five of the alleged thirty telemarketing calls. He alleges between two and five violations per call, and that he should recover treble damages ($1500) for each violation. Echostar responds that § 227(c)(5) permits recovery of statutory damages on a per call basis, not a per violation basis as alleged by Plaintiff. Echostar contends, therefore, that for each call that allegedly violated § 227(c)(5), all but the first

---

> exceed local or long distance transmission charges. For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign.

The other regulations allegedly violated by Echostar include 47 C.F.R. §§ 64.1200(a)(2), (d)(2)-(6).

[7] 47 U.S.C. § 227(c)(5)(C) provides that for actions under both § 227(c)(5)(A) and § 227(c)(5)(B):

> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

claim under § 227(c)(5)—forty seven claims in total—should be dismissed on the pleadings.[8] Even if § 227(c)(5) only permits Plaintiff to recover once per call, this Court agrees with Plaintiff that it cannot dismiss the disputed claims on the pleadings.

Both the United States District Court for the Southern District of Ohio and the Ohio Court of Appeals have already rejected Plaintiff's per violation argument.[9] See Charvat v. GVN Michigan, Inc., 531 F. Supp.2d 922, 928 (S.D. Ohio 2008); Charvat v. Colorado Prime, Inc., 1998 WL 634922, *5 (Ohio Ct. App. Sept. 17, 1998). Despite Plaintiff's argument that the plain language of § 227(c)(5)(B) supports per violation recovery, both courts found that the plain language of the statute is ambiguous. See id. at *5; GVN Michigan, 531 F. Supp.2d at 927-28. According to the court in Colorado Prime:

> "[s]uch" [in § 227(c)(5)(B)] could be argued to refer to the entire noun phrase "telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" or, alternatively, to the prepositional phrase "in violation of the regulations" contained within the noun phrase.

1998 WL 634922 at *5. Because the last antecedent rule does not resolve the ambiguity, the court looked to the purpose of the statute. Id. The court found—and Judge Marbley agreed in GVN Michigan—that the purpose of § 227(c)(5)(B) is to prevent repeated unwanted telemarketing calls. Id.; GVN Michigan, 531 F. Supp.2d at 927-28. Since the regulations exist to prevent repeated telemarketing calls, "the court interpreted the statutory language to authorize

---

[8] Echostar argues that the following § 227(c)(5) counts in Plaintiff's complaint should be dismissed: 27, 37, 47, 48, 59, 69, 70, 71, 83-85, 97, 107, 117-19, 131-133, 145, 155-57, 169, 179, 189, 199, 209, 216-19, 229, 239, 246, 247, 252-54, 265, 275-77, 289, and 299-301.

[9] Plaintiff is no stranger to telemarketing litigation. He has filed at least six lawsuits, including this one, alleging violations of the TCPA and the OCSPA.

9

damages only once per call." Colorado Prime, 1998 WL 634922 at *5.

In this case, Plaintiff gives the Court no good reason to diverge from the precedent mounting against his per violation position. See id.; GVN Michigan, 531 F. Supp.2d at 927-28; Charvat v. Ryan, 858 N.E.2d 845, 852-53 (Ohio Ct. App. 2006) (distinguishing § 227(c)(5) of the TCPA which permits recovery per call from § 227(b)(3) of the TCPA, which permits recovery per violation given the different statutory language and legislative purpose), *rev'd on other grounds*, 879 N.E.2d 765 (Ohio 2007); Charvat v. ATW, Inc., 712 N.E.2d 805, 807 (Ohio Ct. App. 1998); Worsham v. Nationwide Ins. Co., 772 A.2d 868, 876 n.5 (Md. Ct. Spec. App. 2001); Szefczek v. Hillsborough Beacon, 668 A.2d 1099, 1110, (N.J. Super. Ct. Law Div. 1995) (awarding statutory damages for each repeat telemarketing call despite also finding violations of training and recording regulations). He cites no precedent, and this Court has found none, to support his position that he can recover more than once per telemarketing call under § 227(c)(5). Nevertheless, the Court agrees with Plaintiff that it would be inappropriate to dismiss the forty seven disputed claims on the pleadings.

As Plaintiff points out, each § 227(c)(5) claim per call alleges a different FCC regulation violation by Echostar. (Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 19.) For example, arising from the sixth telemarketing call, Plaintiff asserts two § 227(c)(5) claims against Echostar (Counts 36 and 37). (Compl. ¶¶ 179-84.) The first alleges that Echostar failed to maintain a record of Plaintiff's previous demand to be placed on the company's Do-Not-Call List, in violation of 47 C.F.R. § 64.1200(d)(6).[10] (Compl. ¶¶ 179-81.) The second claim alleges

---

[10] 47 C.F.R. § 64.1200(d)(6) provides: "Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from

that Echostar failed to honor Plaintiff's previous Do-Not-Call demand by placing the sixth call to his residence, in violation of 47 C.F.R. § 64.1200(d)(3).[11] (Compl. ¶¶ 182-84.) Echostar would have this Court dismiss the second claim on the pleadings simply because that is the second time Plaintiff seeks recovery under § 227(c)(5) based on the sixth call. But dismissing the second claim as Echostar requests would impermissibly deny Plaintiff his right to allege and prove alternatively that Echostar violated 47 C.F.R. § 64.1200(d)(3).

Even if he can recover only once under § 227(c)(5) based on Echostar's sixth call, Plaintiff is permitted to claim first that the sixth call violated 47 C.F.R. § 64.1200(d)(6), and, alternatively, that it violated 47 C.F.R. § 64.1200(d)(3). See FED. R. CIV. P. 8(d)(2).[12] The two

---

the time the request is made."

[11] 47 C.F.R. § 64.1200(d)(3) provides:

Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

[12] Rule 8(d)(2) provides that "a party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

11

regulations are distinct, and successfully proving a violation of either regulation would establish Echostar's liability under § 227(c)(5) for the sixth call. Dismissing the second claim would deprive Plaintiff of this alternate avenue of establishing Echostar's liability for the sixth call under § 227(c)(5). The same can be said for the other forty six disputed claims under § 227(c)(5) of the TCPA.

Echostar argues that the Court should dismiss the disputed § 227(c)(5) claims because Plaintiff ignored the unambiguous precedent rejecting his per violation argument and gambled that he could individually plead per violation to "maximize his desired statutory windfall." (Def.'s Reply Mem. in Supp. of Its Mot. for J. on the Pleadings 5-6.) That Plaintiff may ultimately be limited to one damages award under § 227(c)(5) per call does not mean, however, that he should be denied the right to allege and prove alternative FCC regulation violations in his effort to establish Echostar's liability per call under the statute. Moreover, Echostar cites no authority to support its position that this Court can pick and choose which of Plaintiff's § 227(c)(5) claims to dismiss per call.[13] Therefore, the Court **DENIES** Echostar's motion to dismiss the forty seven disputed claims under § 227(c)(5) of the TCPA on the pleadings.

    **2.**    **Multiple Recovery Under the OCSPA**

        **a.**    **Claims Predicated on § 227(c)(5) of the TCPA**

For each alleged violation of § 227(c)(5) of the TCPA per call, Plaintiff asserts a counterpart OCSPA claim based on that alleged violation. Plaintiff argues, and Echostar does

---

[13] The one case cited by Echostar, Scheetz v. Consumer Research Corp., Case No. 2:07-cv-264, S.D. Ohio (Doc. # 21), does not pertain to the issues in this case. That case deals with whether the elevated pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to the OCSPA. Echostar has not alleged that Plaintiff failed to plead his OCSPA claims with the specificity required by Rule 9(b).

not dispute, that a violation of § 227(c)(5) or its FCC regulations constitutes a violation of the OCSPA. (Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 7-9.) Moreover, Plaintiff contends that he can recover statutory damages under the OCSPA for each alleged violation of § 227(c)(5) of the TCPA. (Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 7-9.) Echostar responds that Plaintiff can only recover statutory damages under the OCSPA on a per call basis for violations of § 227(c)(5). (Def.'s Mot. for J. on the Pleadings 4-5.) Therefore, Plaintiff moves to dismiss all but the first § 227(c)(5)-based OCSPA claim per call on the pleadings—forty eight claims in total.[14] For the same reasons as above, the Court denies Echostar's motion with respect to these forty eight claims.

Judge Marbley, in GVN Michigan, rejected the same per violation argument under the OCSPA that Plaintiff asserts again here. 531 F. Supp.2d at 928-29. In that case, the court recognized that Ohio courts are split on the issue of whether statutory damages under the OCSPA can be recovered on a per violation basis. Id. at 928. But the court found that "Ohio courts have consistently declared that if either multiple CSPA violations arise from the same act, or if several CSPA violations are so similar that only one violation can be found, the plaintiff is limited to one recovery, despite the existence of multiple violations." Id. at 928-29; see also Crye v. Smolak, 674 N.E.2d 779, 784-85 (Ohio Ct. App. 1996). According to the court, despite the number of alleged violations of the OCSPA per call, Plaintiff "suffered one distinct injury from each call—the unwanted contact from a telemarketer . . . ." GVN Michigan, 531 F. Supp.2d at 929. Therefore, the court held that Plaintiff could only recover once under the

---

[14] Echostar argues that the following OCSPA counts in Plaintiff's complaint should be dismissed: 32, 42, 53, 54, 64, 77, 78, 90-92, 102, 112, 124-26, 138-40, 150, 162-64, 174, 184, 194, 204, 214, 221-24, 234, 244, 249, 250, 256-60, 270, 282-84, 294, and 306-308.

OCSPA per call.  Id.

In this case, Plaintiff provides no basis for his contention that GVN Michigan was wrongly decided on the OCSPA per violation issue.  But regardless of whether Plaintiff is limited to per call recovery under the OCSPA for alleged violations of § 227(c)(5) of the TCPA, the Court agrees with Plaintiff that it would be inappropriate to dismiss the forty eight disputed claims on the pleadings.  Just as with Plaintiff's claims under § 227(c)(5), each of the disputed § 227(c)(5)-based OCSPA claims per call alleges a different FCC regulation violation by Echostar.  For the same reasons as above, even if Plaintiff can only recover under the OCSPA on a per call basis, this Court cannot deny Plaintiff the opportunity to allege and prove alternative regulation violations that could independently establish Echostar's liability per call under the OCSPA.  Therefore, the Court **DENIES** Echostar's motion to dismiss the forty eight disputed § 227(c)(5)-based OCSPA claims.

### b. Claims Predicated on 47 C.F.R. § 64.1200(b)

For each of Echostar's final twenty five prerecorded voice message calls, Plaintiff alleges two claims under the OCSPA based on 47 C.F.R. § 64.1200(b).  Plaintiff's first claim alleges that Echostar failed, in its prerecorded message, to state its name at the beginning of each call, in violation of § 64.1200(b)(1).  (Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 15-17.) Plaintiff's second claim alleges that Echostar failed to provide its phone number during each call, in violation of § 64.1200(b)(2).  (Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 15-17.)  Echostar responds that the OCSPA only permits one recovery per call under § 64.1200(b).  (Def.'s Mot. for J. on the Pleadings 7-9.)  Therefore, Echostar argues that the second § 64.1200(b)-based OCSPA claim per call—twenty five claims in total—should be

dismissed on the pleadings.[15]  Again, for the same reasons as above, the Court cannot grant the relief Echostar requests.

Plaintiff's argument that he can recover twice under the OCSPA for alleged violations of 47 C.F.R. § 64.1200(b) has, like his arguments above, already been rejected by one Ohio Court of Appeals.  Charvat v. Ryan, 858 N.E.2d at 856-57.  In Ryan, the court found that § 64.1200(b)(1) and (b)(2) "are both directed at preventing the same harm, to wit, rendering the called party without means to contact the caller in order to stop future violative calls."  Id. at 856.  Moreover, the court found that the defendant's violations of both regulations caused a single injury.  Id.  Therefore, the court held that Plaintiff could only recover one OCSPA-based damages award for these two violations.  Id. at 856-57.

In this case, the Court is not convinced by any of Plaintiff's arguments that Ryan was wrongly decided.  Nevertheless, for the same reasons above, even if Plaintiff can ultimately recover only one OCSPA-based damages award for the two alleged § 64.1200(b) violations, the Court cannot dismiss the disputed claims on the pleadings.  Each of the twenty five claims that Echostar moves to dismiss contains the allegation that Echostar, by failing to include its phone number in a particular prerecorded call, violated § 64.1200(b)(2).  Dismissing these twenty five claims would deny Plaintiff his right to allege and prove alternatively that a particular Echostar call violated § 64.1200(b)(2)—an allegation that would, if ultimately proven, establish Echostar's liability for that call under the OCSPA, regardless of whether or not Plaintiff violated § 64.1200(b)(1).  Moreover, it is possible that one or more of Echostar's prerecorded calls stated

---

[15] Echostar argues that the following OCSPA-based counts in Plaintiff's complaint should be dismissed: 15, 21, 30, 40, 51, 62, 74, 88, 100, 110, 122, 136, 148, 160, 172, 182, 192, 202, 212, 232, 242, 268, 280, 292, and 304.

the name of the caller, but failed to provide Echostar's phone number as required by § 64.1200(b)(2). Therefore, the Court **DENIES** Echostar's motion to dismiss the disputed § 64.1200(b) claims on the pleadings.

### 3. First Call Alleging Violations of § 227(c)(5) of the TCPA

Finally, Echostar moves to dismiss all of Plaintiff's claims under § 227(c)(5) of the TCPA, as well as those § 227(c)(5)-based OCSPA claims, arising from the fifth call. (Def.'s Mot. for J. on the Pleadings 9-10.) The fifth call was the first time Echostar allegedly violated § 227(c)(5)—by using a live representative that allegedly failed to conduct the call as prescribed by the regulations. (Compl. ¶¶ 18-19.) According to Echostar, § 227(c)(5) exempts telemarketers from liability arising from the first call that violates the statute. (Def.'s Mot. for J. on the Pleadings 9-10.) Plaintiff responds that the plain language of § 227(c)(5) permits recovery for violations arising from the fifth call. (Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 17-19.) The statute clearly does not create a private right of action for a person who receives only one telemarketing call in violation of the TCPA regulations within a twelve-month period. See 47 U.S.C. § 227(c)(5). Plaintiff argues, however, that once the statute is triggered by the placing of a second violative call within twelve months, the "from each such violation language" in § 227(c)(5)(B) permits him to recover for the first violative call.

Plaintiff has seen this argument rejected by every court he has brought it before. See GVN Michigan, 531 F. Supp.2d at 925-26; Charvat v. ATW, Inc., 712 N.E.2d at 807-08; Colorado Prime, Inc., 1998 WL 634922, at *4. In ATW, Inc., the Ohio Court of Appeals found that "the intent of [§ 227(c)(5)] is not to create liability beginning with the first call." 712 N.E.2d at 807. "Instead, the TCPA 'regulations assume that a person has made a do-not-call

request in a prior call' and punishes them for rebuking this request." GVN Michigan, 531 F. Supp.2d at 926 (quoting ATW, Inc., 712 N.E.2d at 808)).

In GVN Michigan, Judge Marbley agreed with the Ohio Court of Appeals that no cause of action exists under § 227(c)(5) for the first violative call. Id. at 926. The court was unwilling "to look at the statutory language out of context . . . and divorce the private right of action from the remedy." Id. Because § 227(c)(5) does not allow a plaintiff to sue for first call violations, the court found it "unreasonable to assume that Congress meant for liability to accrue with the first solicitation." Id. Therefore, the court dismissed all of Plaintiff's claims for violations during the first call. Id.

In this case, the Court is unpersuaded by Plaintiff's argument that the authority above was wrongly decided. No amount of bolding or underlining the language of § 227(c)(5) can convince this Court that the subsection unambiguously supports Plaintiff's first violative call argument. Moreover, the Court agrees with the Ohio Court of Appeals and Judge Marbley that the purpose of the statute is to prevent repeated unwanted telemarketing calls by punishing those telemarketers who fail to honor do-not-call requests. See ATW, Inc., 712 N.E.2d at 807; GVN Michigan, 531 F. Supp.2d at 926. With that purpose in mind, along with Congress's clear intent not to punish telemarketers who violate the statute only once within a twelve month period, it is unreasonable to assume that Congress intended liability to relate back to the first violative call. Therefore, since no cause of action exists under § 227(c)(5) for the first violative call, the Court **GRANTS** Echostar's motion for judgment on the § 227(c)(5) claims arising from the fifth call. Counts 26 and 27 in the complaint are **DISMISSED**. Because Plaintiff has no cause of action under § 227(c)(5) for violations during the fifth call, he cannot recover for the counterpart §

17

227(c)(5)-based OCSPA violations allegedly arising from the fifth call.  See GVN Michigan, 531 F. Supp.2d at 926 n.2.  Therefore, Counts 31 and 32 are also **DISMISSED**.

**V.     Conclusion**

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Echostar's motion for partial judgment on the pleadings.  The motion is **GRANTED** with respect to Plaintiff's § 227(c)(5) claims, as well as the § 227(c)(5)-based OCSPA claims, arising from the fifth call.  Therefore, Counts 26, 27, 31, and 32 in the complaint are **DISMISSED**.  The motion is **DENIED** with respect to the other 120 disputed claims.  These 120 disputed claims, along with the other undisputed claims, remain; but any recovery by Plaintiff under § 227(c)(5) is limited to one recovery per call, and Plaintiff is not entitled to damages for each alleged violation in that call.

**IT IS SO ORDERED**.

Date: December 16, 2008                    **/s/ John D. Holschuh**
                                           John D. Holschuh, Judge
                                           United States District Court