IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP J. CHARVAT,　　　　　　　　:

　　　　　Plaintiff　　　　　　　　:　　Civil Action 2:07-cv-1000

　v.　　　　　　　　　　　　　　　　:　　Judge Holschuh

ECHOSTAR SATELLITE, LLC,　　　　　:　　Magistrate Judge Abel

　　　　　Defendant.　　　　　　　　:

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to Plaintiff's motion to strike the affidavit of Blake Van Emst (Doc. 35). Defendant Echostar Satellite, LLC filed a motion for summary judgment on December 19, 2008. Attached to this was an affidavit by Blake Van Emst, a vice president for Defendant (the "Van Emst affidavit"). (Doc. 33-2.) Mr. Van Emst was not identified, in Defendant's initial discovery disclosures, as a witness having discoverable and relevant information. Plaintiff now moves to strike the Van Emst affidavit as a sanction for alleged violation of Fed. R. Civ. Pro. 26(a)(1)(A), or, in the alternative, for leave to conduct Mr. Van Emst's deposition. In either case, Plaintiff seeks an appropriate extension of time to file his memorandum contra Defendant's motion for summary judgment.

Fed. R. Civ. Pro. 26(a)(1)(A) provides in relevant part:

In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise

1

> stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing part may use to support its claims or defenses, unless the use would be solely for impeachment;

As Plaintiff states, Defendant's initial disclosures list only Messrs. Charvat, Munger, and Origer as witnesses. Mr. Munger is identified as Defendant's Director of Call Service Operations, knowledgeable about Defendant's "do not call" procedures. Mr. Origer is identified as Defendant's Vice President of Retail Services, knowledgeable about Defendant's retailing policies and directives. (Doc. 35-3 at 2.) However, Mr. Van Emst, who identified himself as another vice president, asserted facts in his affidavit concerning Defendant's policies with respect to its retailers and Defendant's telephone dialing policies and procedures. He specifically made affirmative representations that Defendant had not placed any of the telephone calls at issue in this litigation, and that Defendant maintains Plaintiff's telephone numbers on its "do not call" list. (Doc. 33-2 at 3-4.)

Plaintiff characterizes Mr. Van Emst as a "surprise witness whom Defendant never disclosed," and states that he was never provided the opportunity to conduct Van Emst's deposition. In addition, Plaintiff argues that the Van Emst affidavit should be struck because it fails to establish that the affiant possesses personal knowledge about the facts set forth in it. Defendant rejoins that Mr. Van Emst was previously disclosed to Plaintiff because he verified its supplemental answers to

Plaintiff's first set of interrogatories, and these answers contain substantially the same facts as those set forth in the Van Emst affidavit. Pointing out that Plaintiff did not take any depositions in this case, including that of Defendant itself, Defendant argues that Plaintiff cannot now complain to have been deprived of an opportunity to conduct discovery.

If a party fails to fulfill its Rule 26(a)(1)(A) obligation to timely disclose the identity of a witness, that witness is not allowed to supply evidence on a motion. Fed. R. Civ. Pro. 37(c)(1). The purpose of this rule is to prevent the practice of "sandbagging" an opposing party with new evidence. *Thorne v. Steubenville Police Officer*, 463 F.Supp.2d 760, 770 (S.D. Ohio 2006). However, "preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with caution." *E.E.O.C. v. Burlington Northern & Santa Fe. RR*, 2009 WL 1531019 at *2 (W.D. Tenn. May 26, 2009), quoting *Thorne, supra*. The failure to make timely disclosure is excused if it was substantially justified or harmless. The burden of proving harmlessness falls upon the potentially sanctioned party. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). In evaluating harmlessness, a court will evaluate the prejudice which a party suffered by its opponent's failure to disclose. *Kerner v. Terminix Intern. Co., LLC*, 2008 WL 336728 at *3 (S.D. Ohio Jan. 31, 2008).

Though Defendant has here offered no particular explanation for its failure to disclose Mr. Van Emst as a witness prior to summary judgment, Plaintiff's claims of prejudice are groundless. Defendant identified Mr. Munger and Mr. Origer as

witnesses who could testify about its corporate policies. Plaintiff did not depose either Mr. Munger or Mr. Origer, nor did it conduct a deposition of Defendant itself under Fed. R. Civ. Pro. 30(b)(6). It is not clear what testimony Mr. Van Emst provided which, *e.g.*, his fellow vice-president Mr. Origer would not have offered; the two appear, for this purpose, interchangeable. As it does not appear to make much difference here whether the undeposed Van Emst or the undeposed Origer and Munger offer affidavits about the same subject, Defendant's failure to properly identify Van Emst is not at all prejudicial to Plaintiff. Indeed, it seems likely that, had Defendant timely identified Van Emst, Plaintiff would not have deposed him any more than he did the other witnesses. Indeed, Plaintiff knew that Van Emst had knowledge about Defendant's retailers and its telephone dialing policies and procedures, because he signed answers to interrogatories about those topics. Plaintiff took no action to depose him or a Rule 30(b)(6) representative of Defendant about those topics. Further, Defendant knew these areas were contested issues in this lawsuit. My notes from the preliminary pretrial conference indicate that defense counsel stated that his client did not believe it made the calls and did not believe the calls were made on its behalf. Defendant's answer denied the actionable allegations in the complaint and specifically pled that Echostar did not engage in any "telephone solicitation" within the meaning of the statute. The error was harmless, and the Court will not strike the Van Emst affidavit. Furthermore, Plaintiff's request for leave to conduct Van Emst's deposition prior to filing his memorandum contra is denied.

Plaintiff argues also that the Van Emst affidavit should be struck because of a discrepancy between his affidavit and the interrogatory responses which he verified on behalf of Defendant. He notes that a court may, in ruling on motions for summary judgment, only consider affidavits that are based upon personal knowledge, citing *Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir. 2005). Here, claims Plaintiff, Van Emst actually admitted under oath that he did not have such personal knowledge.

In Defendant's supplemental answers to Plaintiff's first set of interrogatories, Van Emst stated:

> Blake Van Emst, being first duly sworn, states that he is Vice President for EchoStar Satellite LLC ("EchoStar"), and that although he does not have personal knowledge of all of the information set forth in Defendant EchoStar Satellite LLC's Supplemental Answers to Plaintiff's First Set of Interrogatories, such information contained therein has been collected and made available to him by others, and said Answers are true to the best of his knowledge and belief based upon the information made available to him. Some of the matters stated in the foregoing Answers are not within his personal knowledge and he is informed and believes that no employee of EchoStar has personal knowledge of all such matters; and that the facts stated in the foregoing Answers have been assembled by authorized employees, agents or attorneys of EchoStar, and that he is informed by those authorized employees, agents or attorneys and believes that the facts stated in the foregoing Answers are true. Therefore, the foregoing Answers are hereby verified on behalf of EchoStar in this litigation.

(Doc. 38-2 at 10.) Plaintiff argues that, although corporate officers are generally considered to have personal knowledge of the acts or omissions of their corporations, that cannot apply in a circumstance where the officer has testified under oath that he does not have such personal knowledge. Thus, he says, the Van

5

Emst affidavit should not be considered on summary judgment. Fed. R. Civ. Pro. 56(e)(1).

It is generally held that personal knowledge of a company's operations can be inferred from an affiant's position within a company or business. *See, e.g., Catawba Indian Tribe of South Carolina v. South Carolina*, 978 F.2d 1334, 1342 (4th Cir. 1992); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990); *Garrett v. Trans Union, L.L.C.*, 2006 WL 2850499 at *7 (S.D. Ohio Sept. 26, 2006). Common sense dictates that a corporate officer such as Van Emst has knowledge of his company's operations both because he himself happens to have participated in some such operations, and because the company has employees who have told him information about others. This is presumably the case in any business enterprise large enough to have employees; many CEOs could testify in their capacities as corporate officers concerning the general policies of their companies' mail rooms or cafeterias, but few would be speaking from personal employment experience.

In his verification of Defendant's interrogatory answers, Van Emst set forth this principle in exacting detail, specifying that he knew some facts only because he had been told them by other employees. The conflict that Plaintiff alleges between this verification and the Van Emst affidavit draws a distinction without a difference. Van Emst has not abjured his claim to personal knowledge of corporate activities for purposes of a Rule 56(e)(1) affidavit by stating elsewhere the literal truth that some of the facts in question were reported to him by others. Plaintiff's argument is therefore not well taken.

Plaintiff shall have an extension of time until seven days after the date of entry of this Order within which to file his memorandum contra Defendant's motion for summary judgment (Doc. 33). His motion (Doc. 35) is in all other respects **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge