IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP J. CHARVAT, | : | |
| Plaintiff | : | Civil Action 2:07-cv-1000 |
| v. | : | Judge Holschuh |
| ECHOSTAR SATELLITE, LLC, | : | Magistrate Judge Abel |
| Defendant | : | |

OPINION AND ORDER

On January 6, 2009, Plaintiff filed a motion to strike (Doc. 35) the affidavit of Blake Van Emst attached to Defendant's Motion for Summary Judgment (Doc. 33). On July 16, 2009, the Magistrate Judge issued a Report and Recommendation, recommending that the motion to strike be denied (Doc. 40). Plaintiff has filed objections to the report and recommendation. This matter is now before the District Judge for *de novo* review. For the reasons set forth herein, Plaintiff's objections are overruled, and the report and recommendation is adopted.

Plaintiff claims in this action that Defendant EchoStar Satellite, LLC ("EchoStar") made various telemarketing calls which violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 *et seq*. On December 20, 2007, Defendant made its initial disclosures pursuant to Fed. R. Civ. Pro. 26(a)(1). It stated that, aside from Plaintiff, Defendant's employees Rob Munger ("Director of

1

Call Service Operations") and Robb Origer ("Vice President of Retail Services") were likely to have discoverable information that Defendant might use to support its claims or defenses. (Doc. 35-3 at 2.) It made no formal supplementation of these initial disclosures. However, on June 27, 2008, Defendant sent Plaintiff interrogatory responses signed on Defendant's behalf by Blake Van Emst, another of its vice presidents. Then, on December 19, 2008, Defendant moved for summary judgment, and attached to its motion an affidavit by Mr. Van Emst, in which he denied that EchoStar had made the telephone calls at issue, described in detail Defendant's telephone policies, and identified various other attached documents as authentic corporate records. (Doc. 33-2.)

On January 6, 2009, Plaintiff moved to strike Mr. Van Emst's affidavit. Plaintiff stated two grounds: first, that Defendant failed to disclose him as a person likely to possess discoverable information, as Fed. R. Civ. Pro. 26(a)(1)(A) requires, and second, that the affidavit failed to demonstrate that Mr. Vau Emst had personal knowledge of the matters about which he testified. Plaintiff sought to either have Mr. Van Emst's affidavit struck, or to have an opportunity to depose him before responding to the summary judgment motion. In opposition to the motion to strike, Defendant rejoined that Mr. Van Emst had been disclosed to Plaintiff by virtue of the fact that he had signed interrogatory responses on behalf of Defendant, and that corporate officers are considered to have personal knowledge of the acts or omissions of their corporations.

The Magistrate Judge denied the motion to strike. He found that, as Plaintiff

had chosen not to take the depositions of Messrs. Munger or Origer or of EchoStar itself, Plaintiff had suffered no prejudice by not being able to depose Mr. Van Emst on the same topics. Moreover, the Magistrate Judge found that, although the interrogatory responses signed by Mr. Van Emst contained a statement that some of the responsive information he had certified was "not within his personal knowledge," this did not mean that Mr. Van Emst was thereby barred from testifying concerning Defendant's corporate activities and policies.

Plaintiff has now brought objections to the Report and Recommendation. He reiterates substantially the same arguments that he did in his motion to strike. Plaintiff argues also that the Magistrate Judge engaged in baseless conjecture when he concluded that, as Plaintiff did not depose Defendant or any of its named witnesses concerning corporate policies, he would not have deposed Van Emst either.

The pretrial disclosure of witnesses is governed by Fed. R. Civ. P. 26(a)(1)(A), which provides:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i)   the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing part may use to support its claims or defenses, unless the use would be solely for impeachment;

Moreover, Fed. R. Civ. P. 26(e)(1)(A) provides:

> A party who has made a disclosure under Rule 26(a) – or who has

3

> responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

Plaintiff has consistently characterized Defendant's failure to name Van Emst as a potential witness or to supplement its initial disclosures to add Van Emst's name as an "improper ambush tactic", first concealing and then producing a "surprise witness". Given the facts in this case, however, Plaintiff's contention is unwarranted. Plaintiff is suing a seller of satellite television service, claiming that its authorized agents directed pre-recorded telephone solicitations to him in a manner violative of law. Defendant contends, *inter alia*, that it did not place or assist in the placement of any of the calls at issue, and that it does not control how third-party retailers market its products. It identified its director of call service operations and a vice president as persons who were likely to have discoverable information. Later, it tendered an affidavit by a different vice president concerning its telephone policies.

There is no basis here to conclude that Plaintiff suffered any actual prejudice due to Defendant's failure to list this additional vice president in its initial disclosures. He has not suggested any such prejudice, except for his statement that he thereby did not have the opportunity to depose Van Emst. As the Magistrate Judge noted, given that Plaintiff did not conduct any other depositions – including

4

those of the persons who *were* specifically named – it is unlikely that Defendant's procurement of an affidavit from undeposed vice president Van Emst instead of undeposed vice president Origer caused Plaintiff any prejudice. Plaintiff has offered no indication as to what a deposition of Van Emst might reveal that the foregone deposition of, *e.g.*, EchoStar itself would not have done. Where there is no surprise or prejudice to the other party by the failure to supplement discovery responses, exclusion of testimony or documents is unnecessary. *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 9-10 (1st Cir. 2001); *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1177-1178 (10th Cir. 2001); *Zoltek Corp. v. U.S.*, 71 Fed.Cl. 160, 168 (2006). As Defendant's omission from its explicit initial disclosures list was harmless, Van Emst's evidence can be used to support Defendant's summary judgment motion. Fed. R. Civ. P. 37(c)(1).

Moreover, the Court notes that Fed. R. Civ. P. 26(e)(1)(A) requires a party to supplement its disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing". Defendant argues that it did make Van Emst's identity known to Plaintiff, by virtue of the fact that he signed Defendant's interrogatory responses on behalf of the company. This contention has merit. Plaintiff cannot reasonably argue that Van Emst was unknown to him; his possession of knowledge about EchoStar became obvious when he certified that he possessed such knowledge. Defendant made it known to Plaintiff in writing "during the discovery process" that Van Emst was a person likely to have discoverable information. That is all Fed. R.

5

Civ. P. 26(e)(1)(A) requires. *See, e.g., Harding v. Cianbro Corp.*, 436 F.Supp.2d 153, 163 fn 19 (D.Me. 2006) (where identity of witness was made known to opposing counsel during course of discovery, formal supplementation unnecessary); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir 2004) (additional witness named in deposition was "otherwise made known"); *Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D. Ind. 1998) (duty to supplement "does not require an application of form over substance"). The Court accordingly finds that Defendant satisfied the disclosure requirement of Fed. R. Civ. P. 26(e)(1)(A) with respect to Mr. Van Emst.[1]

In his objections, Plaintiff also reiterates the argument in his original motion that Van Emst's affidavit fails to show affirmatively that he possesses personal knowledge of the facts set forth in the affidavit. He states that Fed. R. Civ. P. 56(e) requires that affidavits must be based upon personal knowledge, and "shall show affirmatively that the affiant is competent to testify to the matters stated therein." Van Emst's affidavit, he argues, establishes no such personal knowledge and fails to describe how Van Emst could have reached conclusions about EchoStar's activities based upon his own personal knowledge.

---

[1] Plaintiff argues also that, with respect to his knowledge of Van Emst as a potential witness, Van Emst's verification in the EchoStar interrogatory responses that "he does not have personal knowledge of all of the information set forth" therefore "made crystal clear the fact that *Van Emst did not have personal knowledge* concerning any of the facts in this case." (Doc. 43 at 9, emphasis in original.) This substantially misrepresents Van Emst's statement. Van Emst said that he did not have personal knowledge of "all" of the facts, not "any" of the facts. (Doc. 38-2 at 10.)

6

As the Magistrate Judge found, this argument is meritless. Van Emst is one of EchoStar's vice presidents, and therefore a corporate officer. "Corporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting forth those facts is sufficient for summary judgment." *AGI Realty Service Group, Inc. v. Red Robin Intern., Inc.*, 81 F.3d 160 at *4 (6th Cir. 1996), citing *Catawba Indian Tribe of South Carolina v. South Carolina*, 978 F.2d 1334, 1342 (4th Cir. 1992).

Plaintiff rejoins, however, that Van Emst previously admitted under oath that he did not have such personal knowledge. He points to the EchoStar interrogatory answers which Van Emst verified (Doc. 38-2 at 10). In his verification, Van Emst stated that:

> [A]lthough he does not have personal knowledge of all the information set forth in [the answers], such information contained therein has been collected and made available to him by others, and said Answers are true to the best of his knowledge and belief based upon the information made available to him. Some of the matters stated in the foregoing Answers are not within his personal knowledge and he is informed and believes that no employee of EchoStar has personal knowledge of all such matters; and that the facts stated in the foregoing Answers have been assembled by authorized employees, agents or attorneys of EchoStar, and that he is informed by those authorized employees, agents or attorneys and believes that the facts stated in the foregoing Answers are true.

Plaintiff argues that Van Emst's statement that the EchoStar interrogatory responses are not entirely based upon his personal knowledge should abnegate his claim to be able to testify in an affidavit about the acts of EchoStar. As the Magistrate Judge found, this contention lacks merit. Van Emst merely

7

acknowledged the unremarkable fact that other people in his company report information to him, and stated that, as far as he knew, the information which had been given him was accurate. There is no support for Plaintiff's argument that this qualification to his answers to the interrogatories was a binding admission that Van Emst is unable to testify about EchoStar's corporate acts due to lack of personal knowledge.

The Court therefore finds that Defendant made known to Plaintiff during the discovery process that Blake Van Emst was a person likely to have discoverable information, and that Plaintiff was not prejudiced by any failure to formally identify him. Furthermore, Mr. Van Emst's statement in his verification of interrogatory responses that EchoStar's answers were not entirely drawn from his own personal experience did not bar him from testifying about corporate acts for purposes of Rule 56(e)(1). The Court accordingly declines to strike Mr. Van Emst's affidavit accompanying Defendant's motion for summary judgment. The Report and Recommendation of the Magistrate Judge (Doc. 40) is **ADOPTED**. The Motion to Strike (Doc. 35) is **DENIED**.

9-11-09

John D. Holschuh
United States District Judge

8