IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP J. CHARVAT, | : | |
| Plaintiff | : | Civil Action 2:07-cv-1000 |
| v. | : | Judge Holschuh |
| ECHOSTAR SATELLITE, LLC | : | Magistrate Judge Abel |
| Defendant | : | |

UNSEALING ORDER

This action was originally filed on October 2, 2007.  Plaintiff Philip J. Charvat alleged that Defendant EchoStar Satellite, LLC ("EchoStar") had violated various federal and state consumer protection statutes.  Final judgment in favor of the Defendant was entered on December 15, 2009.  However, movant-intervenors the United States of America and the State of Ohio have moved (Doc. 54) to unseal certain exhibits in this case.  They include the exhibits to Defendant's motion for summary judgment (Doc. 33), Defendant's memorandum contra Plaintiff's motion to strike (Doc. 38), and Plaintiff's memorandum in opposition to Defendant's motion for summary judgment (Doc. 42).  The movants state that they have an interest in these materials because they are plaintiffs in similar litigation currently pending in the United States District Court for the Central District of Illinois.

On July 21, 2010, the parties consented to the unsealing of most of these

1

documents. (Doc. 58.) The remaining documents in dispute are Exhibits C-G of the motion for summary judgment and Exhibit 2 of the memorandum in opposition to summary judgment.

The movants argue that there is a strong presumption in favor of public access to court filings, especially those that form the basis for judicial decisions. They assert that Defendant has offered no basis for these documents to continue to remain under seal. Defendants state that "many of the requested documents comprise EchoStar's 'business, commercial, and trade secret... information that is worth of protection,' or material designated by Plaintiff as 'confidential' during the course of discovery." (Doc. 57 at 3.) Specifically EchoStar seeks to protect from disclosure "EchoStar 'Retailer Agreements', entered into by EchoStar with various of EchoStar's independent contractor retailers" and "EchoStar's written responses to Plaintiff's interrogatories". (*Id.*) These, it asserts, "comprise business sensitive information that the public – which includes EchoStar's competitors – has no legitimate need to access." (*Id.*) The movants rejoin that Defendant has not made any claim that the records are trade secrets, and that mere business sensitivity is not a compelling reason for the Court to maintain these documents as sealed.

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way". Nevertheless, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial

proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). There is a presumption that the record will be open "unless compelling reasons exist for denying the public access to the proceedings." *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987), quoting *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978). A party seeking to maintain the confidentiality of documents must explain how its interest outweighs the public's right of access to court proceedings. *Certain Underwriters at Lloyd's v. U.S.*, 2010 WL 2683142 at *2 (S.D. Ohio 2010). This is the "good cause" required by Rule 26(c)(1).

Defendant has argued from the opposite presumption – that "it is difficult to see what legitimate purpose is served by making publicly available" the documents in question. (Doc. 57 at 5.) The legitimate purpose, as the Sixth Circuit Court of Appeals held in *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983), is to permit the public to see what the courts have decided and upon what basis they made such decisions. It is not enough simply to aver, as Defendant has essentially done, that it would rather the documents not be unsealed or that it does not know why anyone would want them. It is certainly possible that either the Retailer Agreements or interrogatory responses contain information which Defendant considers sensitive to its business and would prefer not become publicly available. But this is not cause enough to overturn the presumption that court proceedings should be open to the public. Defendant must demonstrate that a document is "confidential... commercial information" entitled to protection under

3

Rule 26(c)(1)(G).  EchoStar offered no affidavit demonstrating that it has procedures in place to maintain the confidentiality of the information in the documents.  Indeed, it has not even identified the type of information contained in the documents that it maintains is confidential.  In short, Defendant has made no showing that information in the documents is entitled to protection under Rule 26(c).  *See United States v. Int'l Business Machines Corp.*, 67 F.R.D. 40, 46-47 (S.D. N.Y. 1975).

Accordingly, the intervenors' motion to unseal court filings (Doc. 54) is **GRANTED IN FULL**.  The Clerk of Court is **DIRECTED** to unseal Docs. 33-3, 33-4, 33-5, 33-6, 33-7, and 42-2.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
